532 So.2d 101 (1988)
Kevie Wright THOMPSON
v.
Timothy Robert THOMPSON.
No. 88-C-1477.
Supreme Court of Louisiana.
October 14, 1988.
PER CURIAM.
GRANTED.
This matter comes before the Court on Kevie Thompson's application for writs of certiorari or review to review the Court of Appeal's reversal of the trial court's decision in this child custody case. For the reasons stated, we reverse the Court of Appeal and remand this matter to the trial court.
Christyl Thompson is the daughter of Kevie and Tim Thompson. Kevie and Tim were legally separated in 1985. The separation decree incorporated by reference a joint custody plan previously filed by the parties. Kevie and Tim had joint custody with Kevie having primary physical care of Christyl and Tim having specified visitation rights. In March of 1985, Kevie filed a Rule to terminate joint custody, alleging Tim had molested Christyl. After a trial on the merits, the district court entered a judgment terminating joint custody and denying Tim any visitation. The Court of Appeal reversed and ordered the resumption of Tim's joint custody and visitation rights.
We find the Court of Appeal applied the improper standard of review. In child custody cases, the decision of the trial court is to be given great weight and overturned only where there is a clear abuse of discretion. See, e.g., Bordelon v. Bordelon, 390 So.2d 1325 (La.1980); Cleeton v. Cleeton, 383 So.2d 1231 (La.1980) (on rehearing). The record here provides ample support for the trial court's decision as regards the termination of joint custody. Of particular note is the fact both independent experts appointed by the court thought it probable Tim had sexually abused Christyl.
We recognize the evidence of Tim's abuse was somewhat ambiguous; also, Tim did introduce evidence of his own psychological state at the trial. Moreover, the court-appointed experts recommended Tim's contact with Christyl not be entirely terminated. Our law recognizes the need for a child to have contact with both parents. See La.C.C. article 146. The statutory mandate and the best interest of the child are best served by permitting Tim some contact with his daughter. Accordingly, *102 we remand this matter to the trial court to formulate a plan of restricted, supervised visitation between Tim and Christyl pursuant to La.C.C. article 147. WRIT GRANTED; COURT OF APPEAL REVERSED; TRIAL COURT JUDGMENT MODIFIED; REMANDED.
DIXON, C.J., and DENNIS, J., would grant and docket for briefing and argument.