641 So.2d 1059 (1994)
Marsha Lynn McCroskey SLACK, Plaintiff-Appellee,
v.
Roger Neal SLACK, Defendant-Appellant.
No. 26036-CA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1994.
*1060 Samuel P. Love, Jr., Shreveport, for appellant.
John W. Montgomery, Minden, for appellee.
Before NORRIS and WILLIAMS, JJ., and WESTERFIELD, J. Pro Tem.
WILLIAMS, Judge.
This case involves a child custody dispute. The appellant, Roger Slack, appeals a trial court judgment designating appellee, Marsha McCroskey Slack, domiciliary custodian of the parties' two minor children. For the reasons expressed below, we affirm.

FACTS
The parties were married on April 17, 1982 and two children were born of this marriage: Haley Lynn Slack, age eleven, and Zachary Neal Slack, age nine.
On April 29, 1993, Mrs. Slack filed a petition against Roger Slack seeking a divorce, requesting that the parties be awarded joint custody of the children, and that she be designated the domiciliary parent, subject to visitation privileges on behalf of Mr. Slack. She also requested alimony and child support. The trial court awarded her temporary custody of the children pending a custody hearing.
Mr. Slack filed an answer and a reconventional demand for divorce alleging that it would be in the best interests of the children if he was designated the domiciliary parent. Shortly thereafter, Mr. Slack filed an amended petition for divorce on the grounds of adultery.
The trial court awarded Mr. Slack a judgment of divorce on the grounds of adultery. The parties were awarded joint custody of the children, and Mrs. Slack was designated the domiciliary parent, subject to specific visitation privileges in favor of Mr. Slack. Mrs. Slack was also awarded child support in the sum of $1,032.00 per month and the use and occupancy of the former matrimonial domicile in Shongaloo, Louisiana. Mr. Slack appeals.

DISCUSSION
Mr. Slack argues it would be in the best interests of his children if he was designated the domiciliary parent for the following nonexclusive reasons:
 Mrs. Slack abandoned the matrimonial domicile;
 Mrs. Slack was engaged in an adulterous relationship with David Glasscock during the parties' marriage and she is presently involved in a relationship with Glassock;
 David Glasscock has been abusive to his own children;
 Mrs. Slack frequents bars and night clubs;
 Mrs. Slack abandoned her daughter at a sawmill in 1990;
 Mrs. Slack screams and yells at the children; and
 Mrs. Slack is unemployed, and he makes a substantial income from his two businesses.
At trial, both Mrs. Slack and Glasscock testified that they previously had been involved in a relationship approximately sixteen years ago. While they were both married, they again began seeing each other. For over a year they communicated only by *1061 telephone. Later, they began to meet discreetly in various places during the day. Mrs. Slack testified that she was a Sunday school teacher and she felt guilty about having this extra-marital relationship. Both Mrs. Slack and Glassock expressed concern for their families and the affect their relationship would have on their families if they discovered the affair. They both testified that after the Slacks separated, Glasscock would spend the night at Mrs. Slack's house only when the children were with their father.
Baronna Glasscock testified that she and her husband were separated, and she had filed for a divorce. She felt her husband loved his children, but he was verbally abusive toward them and on occasions he had pushed or shoved his stepson. Mrs. Glasscock testified she did not find out about her husband's relationship with Mrs. Slack until after she left home.
Several witnesses testified that Mrs. Slack left her daughter, Haley, at the sawmill in 1990. However, except for Mr. Slack's testimony, there was no evidence presented to show that Mrs. Slack intentionally left the child alone or knew that she would be in danger. According to Mrs. Slack, when she finished talking to her husband, Haley complained that she did not want to leave. She thought Mr. Slack would bring Haley home. Since Haley was standing where the men could see her, Mrs. Slack waved good-bye to Haley and left her at the sawmill.
The primary consideration in rendering a child custody determination is the best interest of the child. LSA-C.C. Art. 131; Timmons v. Timmons, 605 So.2d 1162 (La.App.2d Cir.1992). When determining the best interest of the child in custody cases, there must be a weighing and balancing of factors favoring or opposing custody in respective competing parents on the basis of the evidence presented in each particular case. Cooper v. Cooper, 579 So.2d 1159 (La. App.2d Cir.1991). The trial court's determination is to be given great weight and will be overturned only when there is a clear abuse of discretion. Timmons, supra; Thompson v. Thompson, 532 So.2d 101 (La.1988).
Proof of one act of adultery or even of several acts with the same paramour, does not necessarily render a parent who is otherwise suited for custody morally unfit. Schexnayder v. Schexnayder, 371 So.2d 769 (La. 1979); Moore v. Moore, 544 So.2d 479 (La. App.2d Cir.1989); Manley v. Manley, 389 So.2d 454 (La.App.2d Cir.1980), writ denied, 395 So.2d 341 (La.1980). Further, the fact that the mother has a steady boyfriend who frequents her home is not sufficient reason to deny her custody of her children absent evidence that the mother's relationship with the boyfriend is having a detrimental effect on the children. Manley v. Manley, supra.
Mrs. Slack and her witnesses presented evidence to show that she has been primary care provider for the children since their birth. Mrs. Slack testified she attends class at Southern Arkansas University in Magnolia, Arkansas, where she is studying to become a registered nurse. She stated she can attend her class and return home in time to get her children from school. Mrs. Slack further testified she has served as coach of her children's T-ball team, and she always has been responsible for all of their church and recreational activities. She also testified she has always taken care of the children on a day to day basis by cooking, cleaning, getting them ready for school and helping them with their homework.
Elaine Paxton testified the Slack's home was always perfectly clean. She further stated Mrs. Slack was very protective and loving toward her children, and the children seemed happy, healthy and well-behaved.
Sharon Jeter testified she and Mrs. Slack went to birthday parties with the children, and the two of them sometimes went shopping or out to nightclubs. She stated she had never seen Mrs. Slack intoxicated. She also testified that the children appear happy, well-mannered and well-behaved.
Mr. Slack, on the other hand, works long hours running his two businesses. He testified that if he is granted domiciliary custody, he would ask his parents (ages eighty-four and seventy-six) to assist with the children while he was at work or he would hire babysitters. He admitted there was no way to *1062 contact him by telephone while he was at work.
After carefully examining this record, we do not find the trial court abused its discretion in designating Marsha Slack the domiciliary parent of the children. The issue in a custody dispute is not whether the relationship between a man and a woman is morally acceptable, but whether that relationship adversely affects the child involved. Montgomery v. Marcantel, 591 So.2d 1272 (La.App. 3d Cir.1991). There was no evidence presented to show that Mrs. Slack's relationship with Glasscock has adversely affected the children. Nor has any evidence been presented to show that Mrs. Slack is unfit to care for these children. An award of custody is not a tool to regulate human behavior. Cleeton v. Cleeton, 383 So.2d 1231 (La.1980). The only objective is to reach a result that is in the best interest of the children. LSA-C.C. Art. 131. Mrs. Slack has been the parent most intimately involved with the care of the children and has provided them with a stable environment. Accordingly, we affirm the trial court's judgment designating Mrs. Slack as domiciliary custodian of the children. Costs of this appeal are assessed to the appellant, Roger Slack.
AFFIRMED.