I ¡SAUNDERS, Judge.
Defendant, Kathy Boudreaux, appeals the trial court’s judgment awarding domiciliary custody to the plaintiff, Alfred Boudreaux, denying her alimony pendente lite, and denying her past child support. We reverse the domiciliary custody award and affirm the denial of alimony pendente lite and past child support.

FACTS

Alfred and Kathy Boudreaux were married in July of 1985. Two children were born of the marriage, Daniel Alfred Boudreaux, born November 13, 1986, and John Albert Bou-dreaux, born November 7, 1989. Mr. Bou-dreaux is an attorney who practiced in Opel-ousas immediately following his marriage. He then moved to Lake Charles where he worked for approximately four years, then to New |2Orleans for several months, and then returned to Opelousas to practice with his father.
Mr. Boudreaux filed a petition for divorce on September 30,1993. Ms. Boudreaux filed a petition for divorce, child custody, child support, alimony pendente lite and other incidental determinations on October 15, 1993. A judgment of divorce was rendered June 3, 1994.
Ms. Boudreaux was awarded temporary custody pending the outcome of the custody proceedings. A custody hearing was held on January 7, 1994, but was continued to September 2, 1994, pending a court ordered psychological evaluation of the parties. Following this hearing, the trial judge indicated orally that joint custody would be awarded with Ms. Boudreaux as the domiciliary parent subject to liberal visitation for Mr. Bou-dreaux. The parties were ordered by the court to prepare a joint custody plan.
During the attempt to formulate a joint custody plan, Ms. Boudreaux informed her ex-husband that she intended to move to California to live with her parents because she was unable to support herself and the children on the income she received from her minimum wage job and the modest amount of child support she received from him. Ms. Boudreaux indicated that while in California she intended to return to school to obtain her teaching certification.
Based on this new information, Mr. Bou-dreaux filed a motion to reopen the note of evidence in order to make this change of plans known to the trial judge. On October 24, 1994, the trial judge issued an order granting joint custody of the minor children to the parties and designating Mr. Bou-dreaux as the domiciliary parent.
Ms. Boudreaux appeals.

*461
JnASSIGNMENTS OF ERROR

Defendant assigns the following errors:
(1) Because the venue in St. Landry Parish was improper under La.Code Civ.P. art. 3941, all judgments rendered in this action are absolute nullities.
(2) The trial court’s plan of joint custody designating the father as primary custodial parent was contrary to the children’s best interest, unsupported by evidence, and manifestly erroneous.
(3) The trial court erred in denying alimony pendente lite to Ms. Boudreaux after the evidence showed that she could not support herself and was dependent on support from her parents.
(4) Despite its award of custody to the father, it was error to deny child support to Ms. Boudreaux for the past year when the children were with her and Mr. Boudreaux paid only $350 per month.
LAW AND CONCLUSIONS VENUE
La.Code Civ.P. art. 3941 provides:
A. An action for an annulment of marriage or for a divorce shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile.
B. The venue provided in this Article may not be waived, and a judgment rendered in either of these actions by a court of improper venue is an absolute nullity.
Ms. Boudreaux contends on appeal that she was deceived into moving to Opelou-sas by Mr. Boudreaux whose sole purpose for moving the family there was so he would have a friendly forum for his divorce action. She asserts that they never established a matrimonial domicile in Opelousas and that Mr. Boudreaux never lived with her and the children in Opelousas. However, our review of the pleadings reveals that Ms. Boudreaux stated in her verified petition for divorce that she was a domiciliary of St. Landry Parish and that the matrimonial domicile had Ubeen established in St. Landry Parish as of August 22, 1993. Additionally, she never challenged the venue of these proceedings based on domicile until after an adverse judgment was rendered against her. We cannot allow her to contradict her former statements in order to render the judgment null when there is no proof of the fact of domicile in the record other than her representations and those of Mr. Boudreaux.
For the foregoing reasons, we find this assignment of error to be without merit.
DOMICILIARY CUSTODY
Acts 1993, Number 261, effective January 1, 1994, amended the laws regarding child custody. However, the instant action was filed on September 30, 1993, and therefore is governed by the law in effect in 1993.
Under the law as it existed in 1993, there was a rebuttable presumption in favor of joint custody. Either party could rebut this presumption by showing that joint custody was not in the best interest of the child. The former version of La.Civ.Code art. 131(C)(2) contained twelve factors which were to be considered in rebutting this presumption. In accordance with La.Civ.Code art. 131(D), these same factors were to be considered in awarding domiciliary custody. Melancon v. Bergeron, 598 So.2d 694 (La.App. 3 Cir.1992). These factors are:
a) The love, affection, and other emotional ties existing between the parties involved and the child.
b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his religion or creed, if any.
c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care, and other material needs.
d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
|5e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
f) The moral fitness of the parties involved.
g) The mental and physical health of the parties involved.
*462 h) The home, school, and community record of the child.
i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.
k) The distance between the respective residences of the parties.
It is well settled that the best interest of the child is the paramount consideration in child custody matters. Upon appellate review, the determination of the trial judge in a child custody case is entitled to great weight and will not be disturbed unless a clear showing of abuse of discretion is shown. Becker v. Becker, 613 So.2d 275 (La. App. 3 Cir.), writ denied, 614 So.2d 65 (La. 1993). However, even under this stringent standard, we are compelled to find that the trial judge abused his discretion in granting domiciliary custody to the father.
In applying the factors enumerated in La.Civ.Code art. 131(C)(2) to the evidence contained in the record, we conclude that granting Ms. Boudreaux domiciliary custody is unequivocally in the best interest of these children. Ms. Boudreaux has been their primary, and at times sole, caregiver for their entire lives. During the marriage, Ms. Bou-dreaux remained at home to provide their day to day care. Following the breakup of the marriage, Ms. Boudreaux has been responsible for their care as well as the majority of their support.
Conversely, Mr. Boudreaux has been absent a great deal due to traveling required by his former employment, frequent job changes, and heavy involvement in sporting events. Furthermore, his actions since the separation from his wife, |6including canceling the children’s health insurance and the insurance on the automobile used by his wife and children, indicates a lack of responsibility on his part. There were also several episodes in the record in which Mr. Boudreaux failed to exercise good judgment regarding his children’s safety which indicate that he is unable to provide the attention and guidance necessary for young children. Mr. Bou-dreaux has not demonstrated that he has the capacity to care for the children on a full-time basis and in fact the record indicates that he plans to rely on his parents who are both over seventy years old and in ill health to provide the primary care for his children while he establishes his law practice.
Apparently the trial judge placed a great deal of importance on the fact that Ms. Bou-dreaux was planning to leave the state with the children and this factor caused him to change his mind regarding domiciliary custody. We do not find this factor alone sufficient to outweigh the fact that the mother has been the primary caregiver in this case and that it is in the best interest of the children for them to remain in her care.
A parent who wishes to move her children to another location must prove “there is a good reason for the move and that the move is in the child’s best interest.” Sandifer v. Sandifer, 514 So.2d 510 (La.App. 3 Cir.1987). Ms. Boudreaux claims that she could not support herself and her children on the minimum wage job she was working. She has worked approximately 50 hours per week since the separation but is not able to pay for child care as well as the family’s living expenses. Her parents, who she estimates to have contributed approximately $1,000 per month to their support since Mr. Boudreaux left, have offered to help care for the children and allow the family to live with them while Ms. Boudreaux returns to school full-time to become certified in education.
|7Ms. Boudreaux’s income combined with the support contributed by Mr. Bou-dreaux has not been sufficient to meet the needs of the family without the monthly financial assistance of Ms. Boudreaux’s parents. Our review of the record indicates that Mr. Boudreaux has not offered any additional support nor has his family offered any assistance, either financial or in the form of caring for the children to reduce day-care costs.
Clearly, Ms. Boudreaux has established that there is good reason for the move. The situation as it exists in Opelousas is not a workable solution in that Ms. Boudreaux’s *463 parents cannot be expected to continue to provide financial support to their daughter and her children indefinitely. Under Ms. Boudreaux’s proposal, after obtaining her teaching certification, she vdll be able to earn a better living to support her children while maintaining a work schedule that is similar to the children’s school schedule. Therefore, we find that the move is also in the children’s best interest.
The trial judge, noting the importance of stability in a child’s life, apparently placed great import on the fact that the children would remain in Opelousas if the father was designated domiciliary parent and thus would be in familiar surroundings and near some relatives. However, our review of the record indicates that these children have lived in at least three cities, moved several times within these cities, and been enrolled in two different schools since their arrival in Opelousas. Therefore, we find that their connection to Opelousas does not outweigh the fact that it is in their best interest to be with their mother, who seems to have been the stabling influence in their fives. Additionally, we note that the children do have other relatives who five in close proximity to her parents in California, including Ms. Boudreaux’s brother and his wife and children.
IgThe testimony of Dr. Bouilfion, the psychologist appointed by the court, supports our conclusion that the children should live primarily with Ms. Boudreaux. He observed that she has been the primary caretaker of the children who have an extremely close relationship with her and he recommended that these children not be away from their mother for more than a two week period at this stage in their development.
For the foregoing reasons, we find that the trial judge abused his discretion in awarding domiciliary custody to Mr. Boudreaux and therefore, we reverse that portion of the trial court’s judgment and grant domiciliary custody to Ms. Boudreaux.
ALIMONY PENDENTE LITE
La.Civ.Code art. Ill provides:
If the spouse has not a sufficient income for maintenance pending suit for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.
The trial judge apparently accepted Mr. Boudreaux’s testimony that he was making approximately $1,500 dollars per month since his move to Opelousas. Ms. Boudreaux estimated her income to be approximately $1,100 per month. The trial judge found that Ms. Boudreaux had not established her need for alimony pendente lite. While our review of the record indicates that Ms. Boudreaux did establish this need, it also reveals that Mr. Boudreaux had very limited means, and therefore, we cannot say that the trial judge was clearly wrong in denying Ms. Bou-dreaux’s request for alimony pendente lite, particularly in fight of the fact that he was paying $350 to $700 per month in child support. Therefore, this assignment of error is considered to be without merit.
liiCHILD SUPPORT
Mr. Boudreaux claims to have paid $700 per month in child support since he left his wife. He paid $350 per month directly to Ms. Boudreaux and $350 per month to the private school the children were attending. However, he admitted at the hearing that he only paid $350 in the summer months.
Our review of the record reveals that Mr. Boudreaux is an attorney who has been engaged in the practice of law since 1983. He earned between $50,000 and $70,000 per year for the years of 1991,1992, and 1993. Yet, at the hearing on the motion to set child support, he estimated that his income for 1994 would be $18,000. He offered no documentation to support this extremely conservative estimate and attempted to explain the substantial decrease in income based on the fact that he had recently returned to Opelousas to work with his father and he was in the process of getting his practice off the ground. He later stated that he was receiving a $1,500 per month draw. However, his father testified that he and his son had recently received a fee of $2,000 each from a settlement.
We find Mr. Boudreaux’s estimation of his income to be suspiciously low. However, accepting this estimate as true, we find that Mr. Boudreaux must continue to pay the *464 $700 per month in child support. We acknowledge that this is an upward departure from the guidelines based on this estimated income, however, we find that it is justified because Mr. Boudreaux is living at home with his parents and thus has minimal living expenses. Moreover, testimony in the record indicates that his life style has not suffered even though his income has allegedly decreased substantially and there is no evidence indicating that this sum was causing Mr. Boudreaux any financial hardship. Likewise, we find that his children’s lifestyle should not suffer and order that child support be continued in the amount of $700 | mper month. Furthermore, we expect that as his practice builds and his income increases, that his support obligation would increase accordingly.

DECREE

For the foregoing reasons, the judgment of the trial court granting domiciliary custody to the plaintiff, Alfred Boudreaux, is reversed, at plaintiffs costs, and domiciliary custody is awarded to the defendant, Kathy Boudreaux. Child support, payable by Alfred Boudreaux, is set in the amount of $700 per month. This case is remanded to the district court for the parties to formulate a liberal visitation plan for Mr. Boudreaux.
REVERSED AND RENDERED; REMANDED.