906 So.2d 544 (2005)
In the Matter of the CUSTODY OF Sierra RICARD, Carl G. Williams, III and Aliyah Williams.
No. 2004 CU 2573.
Court of Appeal of Louisiana, First Circuit.
February 11, 2005.
*545 Erica Williams, Hammond, Counsel for Plaintiff/Appellee Carl G. Williams, Jr.
Charles V. Genco, Amite, Counsel for Defendant/Appellant Melanie Ricard.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
McCLENDON, J.
By this appeal, a mother challenges a judgment awarding sole custody of her three minor children to the children's father and awarding the mother only limited visitation. For the following reasons, we affirm.
Carl G. Williams, Jr. and Melanie Ricard, the biological parents of Sierra Ricard (born 3-1-99), Carl G. Williams, III (born 2-9-01), and Aliyah Williams (born 5-5-02), resided together until August of 2003, but never married. After the parents ended their relationship, the children resided with Ms. Ricard, and Mr. Williams exercised visitation on a regular basis. Until the institution of this litigation, the parents had not litigated the custody of their three minor children. On June 14, 2004, Mr. Williams filed a rule to show cause why he should not be granted sole custody of the three children. Ms. Ricard answered and reconvened, seeking sole custody of the three children with restricted, supervised visitation by Mr. Williams. After hearing the matter, the trial judge *546 granted sole custody of the children to Mr. Williams, subject to the visitation by the mother for two hours on alternating Saturdays between the hours of 9 a.m. and 11 a.m. at the home of Mr. Williams' sister. Ms. Ricard appeals, asserting that the trial judge erred in awarding Mr. Williams sole custody of the children and, alternatively, the trial judge erred in limiting her visitation.
In any determination of child custody, the paramount consideration is the best interest of the child. LSA-C.C. art. 131; D'Aquilla v. D'Aquilla, 03-2212, p. 5 (La.App. 1 Cir. 4/2/04), 879 So.2d 145, 148, writ denied, 04-1083 (La.6/25/04), 876 So.2d 838. Pursuant to LSA-C.C. art. 134, the court shall consider all relevant factors in determining the child's best interest, including:
(1) The love, affection, and other emotional ties between each party and the child;
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child;
(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs;
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment;
(5) The permanence, as a family unit, of the existing or proposed custodial home or homes;
(6) The moral fitness of each party, insofar as it affects the welfare of the child;
(7) The mental and physical health of each party;
(8) The home, school, and community history of the child;
(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference;
(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party;
(11) The distance between the respective residences of the parties; and
(12) The responsibility for the care and rearing of the child previously exercised by each party.
The trial court is not bound to make a mechanical evaluation of all of the statutory factors listed in LSA-C.C. art. 134 or to give more weight to one factor than another. When determining the best interest of the child, the factors must be weighed and balanced in view of the evidence presented. Rogers v. Stockmon, 34,327, p. 4 (La.App. 2 Cir. 11/1/00), 780 So.2d 386, 388. The factors are not exclusive, but are provided as a guide to the court, and the relative weight given to each factor is left to the discretion of the trial court. McIntosh v. McIntosh, 33,908, p. 3 (La.App. 2 Cir. 8/31/00), 768 So.2d 219, 221. On appeal, a trial court's assessment of the probative value of evidence is accorded great weight and will not be disturbed absent a clear abuse of discretion. Stephenson v. Stephenson, 37,323, p. 3 (La.App. 2 Cir. 5/14/03), 847 So.2d 175, 179.
Furthermore, every child custody case is to be viewed on its own peculiar set of facts and the relationships involved. Nichols v. Nichols, 32,219, p. 2 (La.App. 2 Cir. 9/22/99), 747 So.2d 120, 122. Each case depends on the child's age, the parents' situations and other factors relevant to that particular custody dispute. Brazan v. Brazan, 93-2369, p. 4 (La.App. 1 Cir. 6/24/94), 638 So.2d 1176, 1179. The determination *547 of the trial court in establishing custody is entitled to great weight and will not be disturbed on appeal absent a clear showing of an abuse of discretion. Thompson v. Thompson, 532 So.2d 101 (La.1988).
In this case, the trial judge determined that it was in the best interest of the children to award sole custody to the father based on his finding that the children were at risk at the mother's residence. Specifically, the trial judge stated that, when faced with charges that her boyfriend molested the older daughter, the mother chose not to believe the child and, then, tried to influence the child with respect to her accusations of abuse. The judge concluded that even unsupervised visitation would place Sierra at risk of being told inappropriate things by her mother concerning her accusations of sexual molestation. The trial judge further noted that Mr. Williams offered the children a more stable environment as he is employed, has transportation, and can provide a home for the children. Ms. Ricard's life is in a state of flux. At the time of trial, she had resided in her parent's home for approximately one month. Prior to that time and while the children lived with her, Ms. Ricard resided with her sister and her sister's three children in a two bedroom trailer located behind her parent's home. Ms. Ricard is unemployed and testified that she lacks transportation if offered a job. She testified that, if given custody of the children, she would register the older daughter in school, something she failed to do in the past, but would have to rely on relatives for the transportation of the child to and from school.
The evidence referenced by the trial judge as well as evidence that, when given the opportunity, the two older children chose to remain with the father and that the mother failed to adequately feed, dress, and care for the children, support the decision of the trial judge. Therefore, we find no abuse of the trial court's vast discretion in awarding custody of the children to the father. Nor are we convinced that the judge's award of limited, supervised visitation to the mother constituted an abuse of discretion.
Accordingly, we affirm the judgment of the trial court. Costs are assessed to Melanie Ricard.
AFFIRMED.