NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-990

RAMONA ANDREWS DENTON

VERSUS

BOBBY GENE DENTON, JR.

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 32,463
HONORABLE JOHN PHILIP MAUFFRAY, JR., DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED.
MOTION TO STRIKE
GRANTED IN PART.

Walter E. Dorroh, Jr.
Dorroh & Kendrick, a PLC
P. O. Box 1889
Jena, LA 71342
(318) 992-4110
COUNSEL FOR:
    Plaintiff/Appellee - Ramona Andrews Denton

**Bobby Gene Denton, Jr.**
**In Proper Person**
**1803 Martin Luther King, #1015**
**Houma, LA 70503**
**(601) 955-5365**

**THIBODEAUX, Chief Judge.**

Bobby Gene Denton, Jr., pro se appellant, appeals the trial court's judgment denying his request for sole custody of his minor son, Bobby Gene "Trey" Denton, III (Trey).[1] Mr. Denton seeks a reversal of the judgment which maintained his ex-wife's, Ramona Andrews Denton Francis's (Mrs. Francis), domiciliary custody of Trey. Mrs. Francis has filed a motion to strike the appellant's briefs, due to their lack of compliance with the requisite appellate rules governing the form and substance of briefs. She also has asked that penalties be assessed to Mr. Denton for the filing of a frivolous appeal.

The motion to strike is granted in part. Consideration was not given to matters and issues raised that were not contained within the record or properly preserved for appeal. The claim of frivolous appeal is denied. The trial court's judgment is affirmed.

I.

**ISSUES**

1. Did Mr. Denton carry the burden necessary to justify a modification of the permanent joint custody decree?

2. Should Mr. Denton be assessed court costs and penalties for filing a frivolous appeal?

---

[1]Mr. Denton sought sole custody of both his two minor children; however, the issue of modification of the joint custody plan was decided in separate hearings for each child. The subject of this appeal is only the custody of the son.

## II.

## **FACTUAL BACKGROUND**

Mr. Denton and his ex-wife, Mrs. Francis, were divorced in 2001 after ten years of marriage. During the marriage, they lived in their mutual hometown of Jena, Louisiana and had two biological children, a daughter and a son, Trey. By all accounts, their daughter, who is fourteen years old, is a developmentally normal child. Trey, age eleven, is autistic and does not speak. A consent judgment as to the custody of the children was rendered in 2001, granting the parents joint custody, with domiciliary status awarded to Mrs. Francis, who had always been the primary caretaker, and visitation to Mr. Denton. The judgment of divorce filed in 2002 made the custody permanent.

Mr. Denton remarried in 2002. The litigation, however, between the parties continued due to their inability to amicably settle matters involving the children, child support, visitation, and property. The issue of a change in custody was ultimately raised in June of 2006, when Mr. Denton filed a Rule for Modification of the Joint Custody Plan, asking to be designated as the domiciliary parent for both children. Regarding his son, Trey, he asserted that his sole custody of Trey was justified because of his superior ability and desire to provide Trey with better autism treatment programs and education than that which his son was receiving through the LaSalle Parish public school system while living with his mother, who he alleged was impeding Trey's development. Moreover, he claimed that Mrs. Francis had been leaving their son alone with his pre-teenaged sister without proper adult supervision for extended periods of time. Mrs. Francis opposed any changes in custody.

No action was taken on the motion, and as of March 2007, Mr. Denton's request for a modification of the custody plan remained unresolved. At that time,

through different counsel, he re-urged his request for sole custody and sought emergency temporary custody of the children through an Ex Parte Motion for Temporary Child Custody, Rule for Sole Custody, and Incorporated Memorandum of Law. He alleged in this pleading that he should be granted sole custody of the children because of multiple changes in the parties' circumstances, which included essentially allegations of a being able to provide a more stable home environment and, again, the ability to provide Trey with better opportunities for the treatment of his autism.

He also asserted that Mrs. Francis, who remained unmarried at the time, had been repeatedly exposing the children to the physical and verbal abuse occurring between her and her then-boyfriend, Todd Lipsey. According to Mr. Denton's motion, Mrs. Francis exercised poor judgment by resuming a relationship with Mr. Lipsey and continuing to allow him into the home and in the children's presence after a particularly egregious incident occurred. He reported that Mr. Lipsey had been arrested for entering the home, while Mrs. Francis and the children were present, pouring gasoline throughout, and threatening to set the home on fire.

The trial court granted the ex parte request for temporary sole custody of both children pursuant to La.Code Civ.P. art. 3945, and granted supervised visitation only to Mrs. Francis. At the subsequent hearing on the issue held a few weeks later, the trial court maintained temporary custody of the children with Mr. Denton and granted Mrs. Francis' request for mental health counseling and evaluations of the children and parties.

Mary Girard, LPC, LMFT, and Cindy Nardini, LPC, LMFT, counselors at the Life Solutions Counseling Agency, provided individual counseling, respectively, to the parties' daughter and to Mrs. Francis. A few months later, due to

3

the parties' ongoing disagreements and the escalation in the filing of motions seeking court intervention on a multitude of matters, the trial court ordered Ms. Girard and Ms. Nardini to engage in collaborative counseling to assist Mr. Denton and Mrs. Francis in communicating. Individual and joint sessions were held, but the counselors submitted a joint letter in January 2008 to the court, advising that they had been unsuccessful in facilitating any collaborative co-parenting between the parties.

Based on their observations, they concluded Mr. Denton and his current wife were exhibiting unreasonable negativity, resentment, and unsupported criticism of Mrs. Francis. The counselors suspected stress in the relationship between Mr. Denton and his current wife due to the large amount of time he spent away from home during the week at work, leaving much of the daily care of the children to his wife. Mr. Denton works as a construction supervisor. The counselors stated that they found it unacceptable that Trey did not have his own bedroom at his father's home as well. The counselors advised the court that although Mr. Denton blamed Mrs. Francis for retarding Trey's development, they believed his allegations to be unsupported, since there was no evidence that Trey was receiving any special treatment for his autism while under his care. The counselors also expressed concern to the court about Mr. Denton's ongoing, inappropriate use of the parties' daughter as a messenger due to the parties' unwillingness to speak to each other. The counselors reported a very favorable view of Mrs. Francis, stating that she had been cooperative and responsive to their recommendations. They concluded the letter by recommended to the court that Mrs. Francis' domiciliary status be reinstated.

Shortly after this letter was issued to the court, Mrs. Francis filed a motion seeking a "modification of the . . . temporary [custody] order," relying on the recommendations of the counselors that Trey be returned to her physical permanent

4

custody. The parties agreed that hearings on the children's custody would be held separately. Therefore, in March, the trial court held a contradictory hearing in which the parties presented evidence regarding a modification of the joint custody plan as it pertains to their son, Trey. Mr. Denton offered only the testimony of his wife as evidence. Mrs. Francis testified and also offered the testimony of Ms. Nardini and Ms. Girard at the hearing.

The trial court orally denied Mr. Denton's request for modification of the joint custody decree, stating that joint custody would be maintained and that Mrs. Francis would retain her status as domiciliary parent of Trey. Mr. Denton filed this appeal, pro se. Mrs. Francis responded to the appeal with a motion for frivolous appeal and motions to strike the appellant's briefs.

## III.

## LAW AND ANALYSIS

### Modification of Joint Custody Decree

Louisiana law requires Mr. Denton, as the mover seeking modification of a considered permanent joint custody consent decree, show that a change in circumstances materially affecting the welfare of the child has occurred since the prior order respecting custody, and the proposed modification of the decree is in the best interest of the child. *Evans v. Lundgrin*, 708 So.2d 731 (La.1998); *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986). The purpose of the best interest principle is to recognize in all cases the child's substantive right to the custodianship that best promotes his welfare. *Bergeron*, 492 So.2d 1193. Article 134 of the Civil Code sets forth a non-inclusive list of factors to be considered when determining the child's best interest:

## Art. 134.  Factors in determining child's best interest

The court shall consider all relevant factors in determining the best interest of the child.  Such factors may include:

(1) The love, affection, and other emotional ties between each party and the child.

(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.

(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.

(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.

(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(6) The moral fitness of each party, insofar as it affects the welfare of the child.

(7) The mental and physical health of each party.

(8) The home, school, and community history of the child.

(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.

(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.

(11) The distance between the respective residences of the parties.

(12) The responsibility for the care and rearing of the child previously exercised by each party.

La.Civ.Code art. 134.

The trial court's determination of custody is entitled to great weight and will be overturned on appeal only when there is a clear abuse of discretion. *Thompson v. Thompson*, 532 So.2d 101 (La.1988). We find no abuse of the trial court's discretion in this case.

Examining the record as a whole, it is clear that Mr. Denton failed at trial to produce any evidence of any change in circumstances materially affecting Trey's welfare that would justify a permanent custody change. The children had been placed in Mr. Denton's temporary physical custody solely because of their exposure to the ongoing abusive relationship between their mother and Todd Lipsey. At trial, it was established that the relationship with Todd Lipsey had ended and that an improved home environment had been created by Mrs. Francis.

Specifically, unrebutted testimony was presented at trial by Mrs. Francis' counselor, Cindy Nardini, regarding the resolution of the dangerous situation created during the relationship with Todd Lipsey. Ms. Nardini, who counseled Mrs. Francis for approximately one year, testified that Mrs. Francis had recognized her errors in judgment made during the relationship with Todd Lipsey and ended the relationship very quickly after her children were placed in their father's physical custody. Notably, Mr. Denton also testified at the hearing that he no longer believed such a danger continued to be posed to the children while in their mother's care.

The evidence presented revealed that Mrs. Francis had remarried and there was no evidence of any apparent conflict in that marriage presented to the court. Rather, Mrs. Francis' unrebutted testimony alleged that her new husband was an involved stepfather who shared in Trey's care and who shared a mutually loving relationship with her son. Mrs. Francis further presented evidence and testimony of a home environment in which Trey would have his own room—which he currently

7

did not have at his father's home. Evidence was also presented that Mrs. Francis' home was properly maintained and secured, inside and outside, for Trey's safety and comfort.

Although Mr. Denton's capacity to present evidence was clearly limited due to his task of representing himself throughout the hearing, the trial court, we find, made reasonable determinations about both parties' mutual love, affection, desire, and financial ability to provide a suitable home for Trey. Nevertheless, considering the evidence and testimony offered, we cannot say that the trial court abused its discretion in its determination to deny the request for modification of the original joint custody order.

The request for damages due a frivolous appeal are denied. Appeals are favored and we find no proof that Mr. Denton filed this appeal for purposes of delay, in the absence of a serious legal question, or because he does not seriously believe in the position advanced. *See State Farm Mut. Auto. Ins. Co., v. Callahan*, 571 So.2d 852 (La.App. 3 Cir. 1990), *writ denied*, 576 So.2d 51 (La.1991).

IV.

**CONCLUSION**

The judgment of the trial court is affirmed. Appellee, Ramona Andrews Denton Francis' Motion to Strike Original and Reply Brief is granted in part and her request for damages due to frivolous appeal are denied. Costs of this appeal are assessed to appellant, Bobby Gene Denton, Jr.

**AFFIRMED.**

**MOTION TO STRIKE GRANTED IN PART.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.