STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-137

JACOB ROCHE'

VERSUS

STORMY GREEN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 103141
HONORABLE DAVID BLANCHET, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Van H. Kyzar,
Judges.

**AFFIRMED.**

**Sam R. Aucoin**
**Aucoin Law Office**
**P. O. Box 820**
**Carencro, LA 70520**
**(337) 280-3432**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
       **Jacob Roche'**

**Danielle N. Thompson**
**Paul J. deMahy**
**The Thompson Law Firm**
**2901 Johnston St., Suite 301**
**Lafayette, LA 70503**
**(337) 534-8761**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Stormy Green**

**KYZAR, Judge.**

The appellant, Jacob Roche, appeals a judgment of the trial court designating the natural mother, Stormy Green, as the primary custodial parent of their minor child and awarding Mr. Roche visitation. For the following reasons, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

Jacob Roche and Stormy Green are the natural parents of a minor child, E.W.G., born on March 15, 2013. The relationship between the parties has been tumultuous in the past until finally eroding to the point that Mr. Roche engaged an attorney to file the necessary paperwork to become the domiciliary parent of the minor child. The trial court temporarily granted *ex parte* custody to Mr. Roche on March 23, 2017, which was later rescinded after Ms. Green tested negative for illegal substances on a court-ordered drug screen. Physical custody of the minor child was to be shared on a seven-on-seven-off basis until a trial on the matter.

The parties were then ordered to attend an evaluation with a local, court-appointed psychiatrist, Dr. Kenneth Bouillion. After interviewing each of the parties and the minor child in question, Dr. Bouillion produced a report opining that Mr. Roche was better suited to be the child's domiciliary parent. Ms. Green then deposed Dr. Bouillion, and the matter was set for a Permanent Custody Hearing.

The hearing was held over the course of two days on April 18, 2018 and June 13, 2018. The deposition of Dr. Bouillion was introduced and filed into evidence, along with numerous exhibits from both the plaintiff and defendant. The trial court also heard testimony from multiple witnesses, including Dr. Mona Reed, who specializes in child psychology and testified for Ms. Green. The trial court took the

3

matter under advisement and issued extensive written reasons for ruling on July 16, 2018, ultimately ordering joint custody of the minor child with Ms. Green being maintained as the domiciliary parent.

Mr. Roche timely appealed the judgment of the trial court, assigning two errors:

> 1. The trial court erred in selecting an expert witness to assist it in its final decision, but erred when it, essentially, disregarded that expert's opinion and then characterizing that expert's opinion as "wrong" or "mistaken" in determining an expert does not try a case: the district judge does.

> 2. The trial court erred in choosing the natural mother as the domicilary parent when it found the Louisiana Civil Code[ art. 134]'s factors to be used in making that determination, favored the mother, despite overwhelming evidence to the contrary.

## DISCUSSION

Appellate courts will not disturb an award of custody absent a manifest abuse of discretion in the trial court. In *Bergeron v. Bergeron*, 492 So.2d 1193, 1196 (La.1986), the Louisiana Supreme Court described the appellate review standard by stating that "upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight, and his discretion will not be disturbed on review in the absence of a clear showing of abuse."

On appeal, Mr. Roche asserts the trial court erred in not awarding domiciliary custody to him. Specifically, he alleges that Ms. Green uses illegal drugs and brags about such usage online, that she has lived in at least six different locations with six different men in the span of a year while having custody of their minor child and despite being married, that the child is physically disciplined by Ms. Green's husband, that the child is not potty-trained or in school despite being four years of age, that Ms. Green has denied Mr. Roche his visitation periods on multiple occasions, and that Ms. Green has told the minor child to refer to a non-blood relative

4

as "daddy," amongst other things. Mr. Roche also particularly notes and assigns as error that the court-appointed custody evaluator, Dr. Bouillion, interviewed both of the parties and the minor child and recommended that it would be in the minor child's best interest to have Mr. Roche designated as the primary domiciliary parent.

Louisiana Civil Code Article 131 states, in pertinent part, that "the court shall award custody of a child in accordance with the best interest of the child." The best interest of the child is always the paramount consideration in determining child custody. *Boudreaux v. Boudreaux*, 95-310 (La.App. 3 Cir. 5/31/95), 657 So.2d 459. If the parents cannot agree as to custody or if they reach an agreement that is not in the best interest of the child, "the court shall award custody to the parents jointly; however, if custody in one parent is shown by clear and convincing evidence to serve the best interests of the child, the court shall award custody to that parent." La.Civ.Code art. 132. The factors used to determine the best interest of the child in custody matters are outlined in La.Civ.Code art. 134(A) as follows:

[T]he court shall consider all relevant factors in determining the best interest of the child, including:

(1) The potential for the child to be abused, as defined by Children's Code Article 603, which shall be the primary consideration.

(2) The love, affection, and other emotional ties between each party and the child.

(3) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.

(4) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.

(5) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.

(6) The permanence, as a family unit, of the existing or proposed custodial home or homes.

5

(7) The moral fitness of each party, insofar as it affects the welfare of the child.

(8) The history of substance abuse, violence, or criminal activity of any party.

(9) The mental and physical health of each party. Evidence that an abused parent suffers from the effects of past abuse by the other parent shall not be grounds for denying that parent custody.

(10) The home, school, and community history of the child.

(11) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.

(12) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party, except when objectively substantial evidence of specific abusive, reckless, or illegal conduct has caused one party to have reasonable concerns for the child's safety or well-being while in the care of the other party.

(13) The distance between the respective residences of the parties.

(14) The responsibility for the care and rearing of the child previously exercised by each party.

### Expert Opinion

Mr. Roche relies heavily upon Dr. Bouillion's conclusion that the child's best interests would be served by naming him the domiciliary parent. He specifically assigns as error that the trial court "disregarded" the testimony of its own appointed expert in its explicit finding that the La.Civ.Code art. 134 factors support maintaining Ms. Green as domiciliary parent. Mr. Roche notes multiple findings by Dr. Bouillion to bolster his position, namely that: Dr. Boullion found him to be permanent and Ms. Green impermanent, that Ms. Green didn't have a driver's license or employment, and that it is unhealthy for a minor child to call a non-blood relative, like Ms. Green's current husband, "daddy." Dr. Bouillion did not state in his report or deposition that the minor child referred to Ms. Green's new husband as

6

"daddy" during his interview with the child, but Ms. Green admitted that it does occur occasionally.

The paramount consideration in a change of custody case is always the best interest of the child. *Barnes v. Cason*, 25,808 (La.App.2d Cir. 5/4/94), 637 So.2d 607, *writ denied*, 94-1325 (La. 9/2/94), 643 So.2d 149. In determining the best interests of the child in custody cases, there must be a weighing and balancing of factors favoring or opposing custody in the respective competing parents on the basis of the evidence presented in each particular case. *Boyd v. Boyd*, 26,292 (La.App.2d Cir. 12/7/94), 647 So.2d 414. The trial court weighed the actual evidence presented against the facts, and it specifically found that the facts of the case do not support Dr. Boullion's recommendation that Mr. Roche be named domiciliary parent. Declining to adopt a court-appointed expert's custody recommendation is not error. *Monteleone v. Monteleone*, 591 So.2d 1228 (La.App. 4th Cir. 1991). "After weighing and evaluating expert and lay testimony, the trial court may accept or reject the opinion expressed by any expert." *Orrill v. Orrill*, 08-400, p. 6 (La.App. 4 Cir. 2/4/09), 5 So.3d 279, 283 (*citing Warlick v. Warlick*, 27,389, p. 4 (La.App. 2 Cir. 9/29/95), 661 So.2d 706, 710).

In its extensive reasons for ruling, the trial court went through each of La.Civ.Code art. 134's factors to determine what custody arrangement would be in the best interest of the child based upon the evidence presented at trial. The trial court's determination is to be given great weight and will be overturned only when there is a clear abuse of discretion. *Bergeron*, 492 So.2d 1193. "The rule that questions of credibility are for the trier of fact applies to the evaluation of expert testimony, unless the stated reasons of the expert are patently unsound." *Lasyone v. Kansas City Southern Railroad*, 00-2628, p. 13 (La.4/3/01), 786 So.2d 682, 693 (citation omitted). Credibility determinations, including the evaluation of and

7

resolution of conflicts in expert testimony, are factual issues to be resolved by the trier of fact and should not be disturbed on appeal in the absence of manifest error. *Id.*

The trial court found many factors to favor maintaining Ms. Green as the domiciliary parent. Specifically, the trial court found Ms. Green to be favored in regard to the length of time the child has lived in a stable environment, the permanence of a potential custodial home as a family unit, and the previously exercised responsibility for the care and rearing of the child. *See* La.Civ.Code art. 134(A)(5), (6), and (14). Ms. Green has been the child's primary caregiver since birth with little physical or financial assistance from Mr. Roche at the beginning of the child's life. The trial court further found that, as Ms. Green had actually enrolled the child in pre-school, that the tenth factor also favored Ms. Green. La.Civ.Code art. 134(A)(10). The trial court rejected Mr. Roche's argument that he was waiting for the court to rule on the matter before enrolling the child in school and specifically found Dr. Bouillion's factual determinations in regard to this factor to be incorrect. For the remaining factors to be considered, the trial court either did not find them to explicitly favor either respective party or found the factor to be inapplicable to the case at hand.

Mr. Roche argues to this court that he makes a good wage as an independent contractor and that Ms. Green is not employed. However, Ms. Green is married, and her husband is employed full time. Ms. Green and her husband have a young child together, and Ms. Green stays home with both of the children, supporting the minor child in question with little assistance from Mr. Roche, whose child support payments have been sporadic in the past. Accordingly, the trial court did not find this factor to specifically favor either parent. *See* La.Civ.Code art. 134(A)(4). The trial court also noted that Ms. Green is a stay-at-home mother who is with the

8

children at home during the day while Mr. Roche works 6:00 AM to 5:00 PM weekdays, leading the trial court to determine that the only appreciable time Mr. Roche can spend with the child is on alternating weekends regardless. While Mr. Roche contends that Ms. Green has lived at multiple address and dated multiple men while married to her current husband, he introduced no evidence into the record to establish this fact to this court or to the trial court. Further, finding no evidence that Ms. Green uses illegal drugs given her clean court-ordered drug screen or that she has engaged in multiple extra-marital affairs, the trial court found that the moral fitness of either party was not a concern. *See* La.Civ.Code art. 134(A)(7).

The trial court noted Dr. Bouillion's report, which stated that he found both parents to be competent but recommended Mr. Roche as the domiciliary parent because of Ms. Green's frequent moves, multiple male relationships, and separation from her husband on more than one occasion. He opined that such a custody arrangement would be in the child's best interests per La.Civ.Code art. 134. The trial court disagreed after conducting its own best interest analysis and further finding that Mr. Roche failed to prove any of the above-mentioned allegations to the court. "Declining to adopt a court-appointed expert's custody recommendation is not error." *Orrill*, 5 So.3d at 283 (*citing Monteleone v. Monteleone*, 591 So.2d 1228, 1236 (La.App. 4th Cir.1991). "It is well settled that the trial judge is not bound by expert testimony. Such testimony is to be weighed by the court the same as any other evidence." *Fortenberry v. Fortenberry*, 432 So.2d 1125, 1128 (La.App. 3 Cir. 1983).

"The rule that questions of credibility are for the trier of fact applies to the evaluation of expert testimony, unless the stated reasons of the expert are patently unsound." *Lasyone*, 786 So.2d at 693 (citation omitted). Credibility determinations, including the evaluation of and resolution of conflicts in expert testimony, are factual

9

issues to be resolved by the trier of fact and should not be disturbed on appeal in the absence of manifest error. *Id.* The trial court in the instant case gave thorough and comprehensive conclusions in its reasons for judgment. It went through each of the La.Civ.Code art. 134 factors and gave explicit findings. Further, it plainly stated that many of the factors upon which Dr. Bouillion based his conclusions were unsubstantiated allegations that had no evidentiary support at trial or in the record.

Expert witnesses are intended to "assist the trier of fact" in understanding the evidence or in the determination of a fact in issue. La.Code Evid. art. 702. The expert does not usurp the authority of the trial court, who is still tasked with determining the key issue of "best interest of the child." *C.M.J. v. L.M.C.*, 14-1119 (La. 10/15/14), 156 So.3d 16. "A trial court may accept or reject in whole or in part the opinion expressed by an expert. Further, a trial judge may substitute his/her own common sense and judgment for that of an expert witness when such a substitution appears warranted on the record as a whole." *Id.* at 31 (citations omitted).

The best interest of the child standard is a fact-intensive inquiry that requires the weighing and balancing of factors favoring or opposing custody in the competing parties on the basis of the evidence presented. La.Civ.Code art. 134. The trial court is in the best position to ascertain the best interest of the child and any findings made in furtherance of that best interest should not be disturbed on appeal absent a clear showing of abuse of discretion. *Thompson v. Thompson*, 532 So.2d 101 (La.1988). In view of the deference accorded to the trier of fact and having found no manifest error, we defer to the trial court's well-reasoned ruling.

## DISPOSITION

Accordingly, we affirm the judgment of the trial court awarding joint custody of the minor child to both parties, naming Ms. Stormy Green as the domiciliary

parent and awarding visitation to Mr. Jacob Roche. The costs of this appeal are assessed against plaintiff/appellant, Jacob Roche.

**AFFIRMED.**