734 So.2d 751 (1999)
Lubin Elie MIRE, Jr.
v.
Karen Gay Galloway MIRE.
No. 98-CA-1614.
Court of Appeal of Louisiana, Fourth Circuit.
March 24, 1999.
*752 R. Scott Buhrer, Flanders, Flanders & Buhrer, Metairie, Louisiana Attorney for Plaintiff/Appellee.
Robert C. Lowe, Terence L. Hauver, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, Louisiana Attorneys for Defendant/Appellant.
(Court composed of Judge MIRIAM G. WALTZER, Judge JAMES F. McKAY, III, and Judge Pro Tempore JAMES C. GULOTTA).
McKAY, Judge.
Appellant, Karen Gay Galloway Mire, appeals a judgment for change in custody and declaration of primary custodial parent status in favor of the plaintiff, Lubin E. Mire Jr. We affirm.

FACTS AND PROCEDURAL HISTORY
The parties were married on June 4, 1983. The marriage produced one child, Lubin E. Mire, III born on December 7, 1983. He is now 15 years old. The parties physically separated in January of 1988, and Ms. Galloway moved to Lafayette and now lives in Baton Rouge. The judgment of divorce was signed on September 14, 1990, and by agreement of the parties awarded joint custody of the minor child to both parents with Ms. Galloway being designated as the minor's primary physical custodian subject to reasonable visitation rights by Mr. Mire. Ms. Galloway maintained physical custody of the minor from December of 1990, through January 3, 1996.
On January 3, 1996, Mr. Mire filed a Rule to Show Cause Why Child Custody Should Not Be Awarded to Mover, seeking to be the designated permanent primary custodial parent of the minor child. In his petition, Mr. Mire alleged issues concerning a change in circumstances based on education and affection alienation. He also petitioned that it was in the best interest of the child that this change in primary domiciliary parent be granted. Furthermore, he requested that both a qualified mediator and a mental health professional be appointed by the court to evaluate the child and both parents. On June 19, 1996, the court appointed BCSW, Eileen G. Glasser, who recommended that the custody of the minor be given to the father. On July 10, 1996, prior to the hearing on the modification of custody, the parties voluntarily entered into a Consent Judgment of Temporary Custody, which gave domiciliary custody of the minor to Mr. Mire for the 1996-1997 academic year and pretermitted the child support issue. On April 23, 1997, Mr. Mire filed a Rule to Supplement and Reset the Rule to Change Custody in which he sought permanent primary custody of the minor child. In his motion he asserted a change in circumstances which included the best interest of the child argument. He also prayed that Ms. Galloway be ordered to pay child support retroactive to the date of the temporary custody of Mr. Mire. Furthermore, he urged the court to appoint a psychologist to conduct testing on both the parties and the minor child. Pursuant to this request the court appointed Dr. William B. Janzen, Ph.D. Dr. Janzen issued a report to the court dated May 19, 1997. A Rule to Show Cause was held on May 27, 1997. Dr. Janzen opined that the child was doing well educationally and otherwise during *753 the father's physical custody. He further testified regarding repeated incidents where Ms. Galloway had attempted to alienate the affections of the minor child toward his father and seriously criticized Ms. Galloway for her conduct. He recommended that permanent custody of the minor child should be awarded to Mr. Mire. Ms. Galloway waived cross-examination of Dr. Janzen. On May 27, 1997, the Judge orally ruled that domiciliary custody of the minor child was to be awarded to Mr. Mire. On June 26, 1997 the trial court issued a written judgment and order to the same effect. The trial judge in his reasons for judgment further ordered that this modification was a considered decree based on the consent judgment of December of 1990 and that any further modification shall necessitate a showing that the standard set by Bergeron v. Bergeron, 492 So.2d 1193, 1199 (La.1986), writ denied, (9/11/86), has been satisfied. On January 30, 1998, the trial court denied defendant's Motion for New Trial. The appeal in the instant case was taken on March 5, 1998, and filed with this court on June 30, 1998.

STANDARD OF REVIEW
It is well settled that a court of appeal may not set aside a trial court's or a jury's findings of facts in the absence of "manifest error" or unless it is "clearly wrong". Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). When the factual findings are based on the credibility of witness's testimony, the fact finder's decision to credit a witness's testimony must be given "great deference" by the appellate court. Id. The trial judge is in the best position to ascertain the best interest of the child given each unique set of circumstances. Accordingly, a trial court's determination of custody is entitled to great weight and will not be reversed on appeal unless an abuse of discretion is clearly shown. Thompson v. Thompson, 532 So.2d 101 (La.1988) (per curiam); Bercegeay v. Bercegeay, 96-0516, p. 5 (La.App. 1 Cir. 2/14/97), 689 So.2d 674, 676.

ARGUMENT
Appellant avers that the trial court erred in transferring primary custody of the minor child to Mr. Mire from Ms. Galloway without the requisite showing by Mr. Mire that "continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or by proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child."

LAW
The paramount consideration in any determination of child custody is the best interest of the child. La. C.C. art. 131. This standard is applicable to both initially setting the custody as well as actions to change custody. However, in actions to change custody decisions rendered in considered decrees, an additional jurisprudentially requirement is imposed. Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731, 739 (La.1998); citing Hensgens v. Hensgens, 94-1200 (La.App. 3 Cir. 3/15/95), 653 So.2d 48, writ denied, 95-1488 (La.9/22/95), 660 So.2d 478.
A considered decree is an award of permanent custody in which the trial court receives evidence of parental fitness to exercise care, custody and control of children. Id. at 738; citing, Hensgens v. Hensgens, 653 So.2d at 52; citing, Barnes v. Cason, 25,808 (La.App. 2 Cir. 5/4/94), 637 So.2d 607, writ denied, 94-1325 (La.9/2/94), 643 So.2d 149.
In a modification of custody decree, the proponent of the change bears a heavy burden of proving that a change in circumstances has occurred, such that the continuation of the present custody arrangement is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely caused by a change of environment is substantially outweighed by its advantages to the child. Bergeron v. Bergeron, Supra at 1199; See Bankston *754 v. Bankston, 355 So.2d 58 (La.App. 2 Cir. 1978); Languirand v. Languirand, 350 So.2d 973 (La.App. 2 Cir.1977).
"However, in cases where the original custody decree is a stipulated judgment, such as when the parties consent to a custodial arrangement, and no evidence of parental fitness is taken, the heavy burden of proof enunciated in Bergeron is inapplicable. Instead where the original decree is a stipulated judgment, the party seeking modification must prove (1) that there has been a material change in circumstances since the original custody decree was entered, and (2) that the proposed modification is in the best interest of the child." Evans v. Lungrin, 708 So.2d at 738; citing, Hensgens, 653 So.2d at 52.
Prior to the Louisiana Supreme Court's decision in Evans v. Lungrin, supra, this court had said in Davenport v. Manning, 95-2349 (La.App. 4 Cir.6/5/96) 675 So.2d 1230, 1231, (La.App. 4 Cir.1996); citing, Monteleone v. Monteleone, 591 So.2d 1228, 1234-35 (La.App. 4 Cir.1991), that "a stipulated judgment, like that in the present case, is a `considered decree' subject to modification only when the `heavy burden' prescribed in Bergeron, is met."
The Evans case has similar facts in common with the instant case. The father in the Evans case attempted to modify a prior Consent Judgment which gave joint custody and designated Mrs. Lungrin as the domiciliary parent. Mrs. Lungrin lived in Washington State and Mr. Evans lived in Louisiana. On appeal, Mrs. Lungrin alleged that Mr. Evans failed to satisfy his burden of proof to modify the prior Consent Judgment of Custody. The Louisiana Supreme Court stated that "the heavy burden of proof enunciated in Bergeron is inapplicable" in an action to modify a Consent Judgment of Custody. Evans v. Lungrin, 708 So.2d at 738.
In the instant case the original custody decree of December of 1990, designated Ms. Galloway as the primary custodial parent with joint custody. This was by consent of both parties. This designation remained in effect without alteration from December of 1990 through January 3, 1996, when Mr. Mire filed a Rule for Change in Custody. The parties prior to the hearing, by consent judgment, agreed to give temporary custody to Mr. Mire, resulting in a stipulated judgment. Consequently, the "material change of circumstances" and "best interest on the child" burden of proof applies, not the heavy burden of proof set forth in Bergeron. Mr. Mire need only show that a "material change in circumstances" has occurred since the consent judgment of December 14, 1990, and that a change of primary custody is in the best interest of the child.
On April 23, 1997, Mr. Mire filed a motion to gain a primary custodial designation from the court. He enumerated in his petition arguments in the best interest of the child and that to change the child's present environment would be harmful to the child. On May 27, 1997, at the hearing on the motion Dr. Janzen, the court appointed expert Dr. Janzen, testified and his report was placed in evidence. In the report there are psychological evaluations of both of the parents and the minor child. Nothing in his report is critical of either parent's ability to raise the minor child. Nevertheless, Dr. Janzen opined that it was in the best interest of the child to stay with the father, Mr. Mire. Ms. Galloway chose not to cross-examine Dr. Janzen. Furthermore, Mr. Mire has satisfied his burden of proof that there has been a material change in circumstances. The physical custody of the minor child was changed by the consent of both parents in July of 1996 and the child has been living with his father since that time which is a clear expression of both parents that the change was in the best interest of the child. The minor child is now established in school in the New Orleans area and is participating in sports and other extra curricular activities. He has also established friendships and has been conditionally accepted at Jesuit High School. Furthermore, *755 his school performance has improved. This current situation constitutes a material change in circumstances and is clearly in the best interest of the child. The trial court after reviewing the pleadings and in consideration of the evidence presented at trial designated Mr. Mire as the primary custodial parent during the school year with both parents retaining joint custody. Karen Gay Galloway is to have primary custody of the child during the periods when she has physical custody.
Appellants argue that a Bergeron hearing should have been conducted at the hearing held on May 27, 1997. The appellant misinterprets the rule. This hearing was pursuant to Mr. Mire seeking a modification of a stipulated judgment of custody not a considered decree. Therefore, applying the Louisiana Supreme Court ruling in Evans v. Lingrin, 708 So.2d at 738; citing, Hensgens v. Hensgens, 653 So.2d at 52:
...in cases where the original custody decree is a stipulated judgment, such as when the parties consent to a custodial agreement, and no evidence of parental fitness is taken, the heavy burden of proof enunciated in Bergeron is inapplicable...Instead where the original decree is a stipulated judgment, the party seeking modification must prove (1) that there has been a material change of circumstances since the original custody decree was entered, and (2) that the proposed modification is in the best interest of the child.
In the instant case, the original custody decree was by the agreement of the parties and a stipulated judgment, even the subsequent modification for the 1996-1997 academic year was by a stipulated decree not a considered judgment, following the authority of Evans v. Lungrin, supra. There was no evidence in the record of parental fitness nor was any inquiry made until after the hearing of May 27, 1997. At the hearing Dr. Janzen was not cross-examined by the appellant. Dr. Janzen's report had evaluations of both the child and the parents and was entered into evidence uncontroverted by either party. The trial judge, in his judgment and order, enunciated that this particular judgment and order is a considered decree and that any future modifications to the custody designation in the instant matter will be susceptible to the Bergeron standard. Accordingly, we affirm the ruling of the trial court.
AFFIRMED.