AMBER NUNEZ            *        NO. 2024-CA-0103

VERSUS               *

                               COURT OF APPEAL

CHAD BLANCHARD       *

                               FOURTH CIRCUIT

              *

                               STATE OF LOUISIANA

                 * * * * * * *

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 17-0055, DIVISION "A"
Honorable William M. McGoey, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
(Court composed of Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase,
Judge Nakisha Ervin-Knott)

**LOBRANO, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS
REASONS**

Joelann Rousell
Bianca N. Moore
THE ROUSELL LAW FIRM LLC
1799 Stump Blvd., Bldg 6-1
Gretna, LA 70056

       COUNSEL FOR PLAINTIFF/APPELLANT

Suzanne Ecuyer Bayle
Bernadette R. Lee
Sheila H. Willis
MORRIS, LEE, BAYLE & WILLIS, LLC
1515 Poydras Street, Suite 1000
New Orleans, LA 70112

       COUNSEL FOR DEFENDANT/APPELLEE

                **APPEAL CONVERTED TO SUPERVISORY WRIT;
                WRIT GRANTED; RELIEF DENIED
                SEPTEMBER 13, 2024**

Appellant, A.N., seeks review of the trial court's January 5, 2024 judgment which granted a request to change the school of the children, filed by Appellee, C.B.[1] For the reasons that follow, we convert the appeal to an application for supervisory review, grant the writ and deny relief.

## Facts and Procedural History

A.N. and C.B. are parents of two minor children. R.B. is ten years old—in the fifth grade and W.B. is nine years old—in the fourth grade. The parties were not married but lived together in St. Bernard Parish until August 2016. When the relationship ended, A.N. filed a rule for custody seeking joint custody of the children, designation as the domiciliary parent, child support and the issuance of a temporary restraining order. The trial court granted the temporary restraining order and set a hearing date on all other issues.[2] By stipulation of the parties, the trial court issued an interim consent judgment that awarded joint custody, ordered C.B.

---

[1] "To protect the minor's identity and to ensure the confidentiality of a minor who is a party to or whose interest are the subject in the proceedings listed in Rule 5-1(a) or (c) above, initials shall be used in all filings and in opinions rendered by the Court of Appeal." Uniform Rules, Courts of Appeal, Rule 5-2.

[2] The temporary restraining order prohibited C.B. from "threatening, harassing, intimidating or otherwise harming" A.N.

1

to pay child support and appointed a custody evaluator. After completion of the custody evaluation, C.B. filed a "Rule to Implement Custody Evaluation Report and Other Related Matters." Before the scheduled hearing on the motions, the parties entered into an agreement of joint custody with shared physical custody.[3]

While the parties were living together in St. Bernard Parish, the children attended J.F. Gauthier Elementary School (hereinafter "Gauthier") and once A.N. moved to Orleans Parish, she enrolled the children at Homer Plessy Community School (hereinafter "Homer Plessy"). Although he initially objected, C.B. acquiesced to the children attending Homer Plessy. However, he expressed concern with the lack of remote learning options and the maintenance of the property.[4] On December 21, 2022, in the middle of the academic year, C.B. filed a "Rule to Modify Schedule, Object to Choice of School or in the alternative to Modify Domiciliary Parent, and Contempt." C.B. sought to remove the children from Homer Plessy and enroll them at Gauthier.[5] He asserted that Homer Plessy was not meeting the children's educational needs, had an unsatisfactory school rating. A.N. answered C.B.'s pleading and formally objected to removing the children from Homer Plessy. By consent judgment dated June 20, 2023, the parties agreed to have the children complete psychoeducational assessments. The judgment provided that upon completion of the assessment, the parties were to set the matter for hearing regarding the choice of school.

---

[3] A stipulated schedule visitation schedule was agreed to by the parties and designated A.N. as the domiciliary parent, continuing C.B.'s child support payments.

[4] Schools implemented remote learning due to the COVID-19 pandemic.

[5] The only issue pertinent to this appeal is the trial court's judgment removing the children from Homer Plessy and enrolling them in Gauthier. All other issues were resolved by consent judgments.

2

The children completed the psychoeducational assessments in July 2023. The assessments recommended that both children take ADHD medication; receive academic support beyond the classroom; meet weekly with a learning specialist to address academic deficiencies; and have a "504 Plan" or an "Individualized Education Plan" through the Louisiana Department of Education due to the children's ADHD diagnosis.[6] On July 14, 2023, C.B. moved the trial court to set the issue of choice of school for a hearing. The matter was initially set for September 29, 2023; however, the parties consented to allow the children an opportunity to take the prescribed ADHD medication for three months and reset the issue of choice of school to December. The matter proceeded to a hearing on January 3, 2024 and after taking the issue under advisement, by interim judgment dated January 5, 2024, the trial court granted C.B.'s request to enroll the children at Gauthier.[7] In its reasons for judgment, the trial court recognized problems with the children's curriculum at Homer Plessy. It noted that, as of January 2024, Homer Plessy failed to implement the recommendations of the psychoeducational assessment for both children. The trial court stated that the school received the psychoeducational assessment at the beginning of the 2023-2024 academic school year, yet the children were not receiving the recommended educational accommodations. Specifically, the trial court found the school failed to implement the recommended educational plan for either child and made no educational accommodations for R.B. The trial court determined the children were not at the

---

[6] ADHD is the acronym for "Attention Deficit Hyperactivity Disorder."

A "504 Plan" and "Individualized Education Plan" are educational accommodations offered to students with disabilities. *See* Louisiana Department of Education website, https://www.louisianabelieves.com.

[7] The issue of change of domiciliary parent was also before the trial court but, the parties agreed to continue that issue without date.

appropriate educational level for their age. Accordingly, the trial court ordered the immediate withdrawal of the children from Homer Plessy and enrollment at Gauthier. This appeal followed.

## Jurisdiction

This Court has a duty to determine whether subject matter jurisdiction exists. *Urquhart v. Spencer*, 2015-1354, p. 3 (La.App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077 (citation omitted). C.B. argues that the January 5, 2024 judgment is interlocutory as the judgment does not determine the merits but only preliminary matters in the action.

"A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." La. C.C.P. art. 1841. "A judgment that determines the merits in whole or in part is a final judgment." *Id*. In C.B.'s pleading, he sought a determination on the choice of school and modification of designation of the domiciliary parent. The January 5, 2024 judgment relative to C.B.'s motion, is captioned "Interim Judgment" and only concerns the issue of choice of school. As noted in the judgment, the parties agreed to continue the issue of modification of the designation of domiciliary parent without date. The trial court's January 5, 2024 judgment does not dispose of the matter in its entirety and therefore, is an interlocutory judgment. "The proper method to seek review of an interlocutory judgment is through an application for supervisory [review]." *Hummel v. Reg'l Transit Auth.*, 2021-0226, p. 3 (La.App. 4 Cir. 11/10/21), 331 So.3d 421, 424 (citations omitted). However, this court may exercise its discretion and convert an appeal of an interlocutory judgment to an application for supervisory writ when the motion for appeal was filed within thirty days of the date of the judgment. *Ramirez v. Evonir, LLC*, 2014-1095, p. 5

4

(La.App. 4 Cir. 4/9/15), 165 So.3d 260, 263. The motion for appeal of the January 5, 2024 judgment was filed on January 9, 2024, well within the requisite time delays to seek supervisory review.[8] Accordingly, we convert the appeal to an application for supervisory writ and consider the matter under our supervisory jurisdiction.

## Assignments of Error

A.N. presents three assignments of error: (1) the trial court erred in failing to consider the best interest of the child factors outlined in La. C.C. art. 134; (2) the trial court erred in failing to consider the rebuttable presumption that the decision of the domiciliary parent regarding the choice of school is in the best interest of the children; and (3) the trial court erred in failing to consider other relevant circumstances surrounding the choice of school for the children. The three assignments of error collectively challenge the trial court's judgment ordering the children's removal from Homer Plessy and enrollment at Gauthier.

## Standard of Review

Child custody cases involve a factual finding by the trial court of what is in the best interest of the child. *Hanks v. Hanks*, 2013-1442, p. 8 (La.App. 4 Cir. 4/16/14), 140 So.3d 208, 214 (citation omitted). This Court will not set aside a trial court's finding of fact absent manifest error or unless the finding is clearly wrong. *Id.*, 2013-1442, p. 8, 140 So.3d at 215 (citations omitted). "If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not

---

[8] Uniform Rules, Courts of Appeal, Rule 4-3, provides in pertinent part:

> The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the Court of Appeal. The return date in civil cases shall not exceed 30 days from the date of notice of judgment, as provided in La. C.C.P. art. 1914.

reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Richardson v. Richardson*, 2007-0430, p. 16 (La.App. 4 Cir. 12/28/07), 974 So.2d 761, 773 (citation omitted).

## Choice of School

The domiciliary parent has the authority to make decisions for the child and it is presumed that the decisions are made in the best interest of the child. La. R.S. 9:335(B)(3). A.N. contends the trial court erred in ordering the children removed from Homer Plessy. She asserts that as the domiciliary parent a presumption exists that her decision to keep the children at Homer Plessy is in their best interest. A.N. points to the fact that the children have attended Homer Plessy for three and one-half years and have established friendships at the school. She also argues that Homer Plessy is in a more convenient location for her because it is located in New Orleans, and she resides in Algiers and works in Gretna. A.N. asserts the distance between her place of employment (or her home) and Gauthier would add a significant amount of time to her daily commute.

The burden of demonstrating that the decisions of the domiciliary parent are not in the best interest of the child rests with the non-domiciliary parent who objects to the decision. *Evans v. Lungrin*, 1997-0541, p. 12 (La. 2/6/98), 708 So.2d 731, 738. C.B. avers that he satisfied his burden of proving that A.N.'s decision to keep the children enrolled at Homer Plessy is not in their best interest. He maintains that Homer Plessy's failure to implement the recommendations from the psychoeducational assessments resulted in the children experiencing academic deficiencies. As the domiciliary parent who chose Homer Plessy, A.N. was tasked with ensuring that Homer Plessy implemented the recommendations contained in the psychoeducational assessments. Homer Plessy was provided with the

6

psychoeducational assessments as early as the fall semester of 2023, yet it failed to implement the recommendations. As such, C.B. contends that the decision of A.N. to have the children remain at Homer Plessy is not in their best interest.

As a threshold matter, we find A.N.'s argument that the trial court failed to consider the factors enumerated in La. C.C. art. 134 is without merit. La. C.C. art. 134 sets forth fourteen non-exclusive factors for a court to consider in determining the best interest of the child.[9] *Council v. Livingston*, 2019-1049, pp. 9-10 (La.App. 4 Cir. 3/13/20), 364 So.3d 410, 418. As the list of factors in La. C.C. art. 134 is non-exclusive, the determination as to the weight afforded each factor is at the discretion of the trial court. *State through Dep't of Children & Family Servs. Child Support Enf't v. Knapp*, 2016-0979, p. 28 (La.App. 4 Cir. 4/12/17), 216 So.3d 130, 148. "The article does not direct a court to any particular factor, not even to the fourteen factors enumerated in the article. Instead, the article directs a court to consider 'all relevant factors.'" *Council*, 2019-1049, p. 10, 364 So.3d at 418 (citing La. C.C. art. 134). Each child custody case must be viewed in light of its own particular set of facts and circumstances with the paramount consideration being what is in the best interest of the child. La. C.C. art. 131; *Hiatt v. Duhe*, 2017-

---

[9] The factors include: (1) the potential for the child to be abused, which shall be of primary consideration; (2) the love, affection and other emotional ties between each party and the child; (3) the capacity and disposition of each party to give the child love, affection and spiritual guidance and to continue the education and rearing of the child; (4) the capacity and disposition of each party to provide the child with food, clothing, medical care and other material needs; (5) the length of time the child has lived in a stable, adequate environment and the desirability of maintaining continuity of that environment; (6) the permanence of the existing or proposed custodial home; (7) the moral fitness of each party with regards to the welfare of the child; (8) the history of substance abuse, violence or criminal activity of any party; (9) the mental and physical health of each party; (10) the home, school and community history of the child; (11) the reasonable preference of the child, if the child is of sufficient age; (12) the willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party; (13) the distance between the respective residences of the parties; and (14) the responsibility for the care and rearing of the child previously exercised by each party. La. C.C. art. 134(A)(1-14).

7

0574, pp. 5-6 (La.App. 4 Cir. 1/31/18), 238 So.3d 484, 488. It is well settled that the trial court is in the best position to determine the best interest of the child under the unique set of circumstances of each case. *Mire v. Mire*, 1998-1614, p. 3 (La.App. 4 Cir. 3/24/99), 734 So.2d 751, 753.

At the January 3, 2024 hearing, C.B. testified that Homer Plessy has a lower school rating than Gauthier and noted that Homer Plessy has failed to implement any of the recommendations from the psychoeducational assessments. The children's 2023-2024 report cards and LEAP scores were introduced, evidencing the children's poor academic performance.[10] R.B. had a grade point average of 1.80 and W.B. had a grade point average of 2.17. Testimony was also elicited from C.B.'s wife who confirmed that both she and C.B. contacted Homer Plessy on numerous occasions attempting to find a solution to improve the children's performance. They repeatedly requested homework for the children and textbooks to assist the children, but they were advised the school could not release the textbooks. C.B. concluded that Gauthier would provide better educational development for the children.

A.N. called one witness to support her position that Homer Plessy provides educational services to children who suffer from ADHD. The witness testified that her son is a friend of R.B., is autistic and has been diagnosed with ADHD and anxiety. The witness's son has an "Individualized Education Plan" and has attended Homer Plessy for several years. She testified that her son is thriving, with a 3.8 GPA, at Homer Plessy and that the administration has been extremely accommodating to her son. A.N. testified and explained the actions she has taken to get accommodations for the children. She stated that while the school is

_____

[10] LEAP is the acronym for "Louisiana Educational Assessment Program."

8

continuing to work on accommodations for the children, their academic deficiencies are due to the unavailability of the prescribed ADHD medication not the lack of accommodations at Homer Plessy. A.N. has attempted to refill the children's ADHD medication but has been unsuccessful due to a nationwide shortage. She testified that the children attend two different campuses at Homer Plessy—the elementary school campus that goes up to fourth grade and the middle school campus which is fifth to eighth grade. A.N. further testified about the location of Homer Plessy versus Gauthier. Transporting the children from Orleans Parish to St. Bernard Parish will add a significant amount of time to her daily commute and the timeliness of the children's arrival at school. Homer Plessy is approximately fifteen minutes from her place of employment and approximately twenty minutes from her home. A.N. offered Alice M. Harte Charter School as an alternative option as it is located in Algiers. However, she testified that enrollment at the school involved a lottery process contingent upon availability.

In a child custody case, the paramount consideration is the best interest of the child. The trial court's determinations are based on factual findings, which will not be set aside absent manifest error or unless those findings are clearly wrong. *Hanks*, 2013-1442, p. 8, 140 So.3d at 214-15 (citation omitted). The trial court's findings were not made in a vacuum nor in haste. An opportunity was provided for Homer Plessy to effectuate the recommendations of the psychoeducational assessment as the trial court continued the issue of choice of school upon the children completing a full semester of school. Additionally, postponing the issue of choice of school allowed the trial court to make a decision of whether a change of school was in the best interest of the children in the middle of the academic school year, as opposed to the middle of the semester. The trial court considered the

9

psychoeducational assessment of the children, the children's educational performance, Homer Plessy's failure to implement the educational recommendations and testimony presented at trial. Both parties testified that Homer Plessy was advised, in August of 2023, at the beginning of the school year, that the children should be on a "504 Plan" or an "Individualized Education Plan" to address their academic deficiencies. The trial court noted that Homer Plessy failed to take the necessary steps to accommodate the children. The trial court also considered the fact that Gauthier was significantly further in distance than Homer Plessy and would require A.N. to expend significantly more travel time with the children.

After consideration of the record, we do not find the trial court was manifestly erroneous in granting C.B.'s request to change the school of the children. If the "findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989). The trial court determined that C.B. presented sufficient evidence to rebut the presumption that the domiciliary parent's choice of school was not in the best interest of the children. The totality of the circumstances were considered and it was determined that removal from Homer Plessy and enrollment at Gauthier is in the best interest of the children. The trial court recognized that the location of Gauthier would be inconvenient for A.N., but determined that the best interest of the children outweighed the inconvenience.

**Attorney Fees and Court Costs**

A.N. seeks attorney fees and court costs associated with the filing of this appeal. However, she failed to brief the issue. Although La. C.C.P. art. 2164 allows this Court to award attorney fees and court costs, the record does not substantiate awarding such costs.[11] Thus, A.N.'s request for attorney fees and court costs is denied.

## Decree

For the foregoing reasons, we convert the appeal to an application for supervisory writ, grant the writ and deny the relief requested. The January 5, 2024 judgment of the trial court granting C.B.'s request to change the school of the children is affirmed. Additionally, A.N.'s request for attorney fees and court costs associated with the filing of this application for supervisory writ is denied.

**APPEAL CONVERTED TO SUPERVISORY WRIT; WRIT GRANTED; RELIEF DENIED**

---

[11] La. C.C.P. art 2164 provides:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

11